**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-20797**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SARAH TESS UY, also known as Sarah Montebello,**
**also known as Virginia Gonzaga, also known as**
**Corinna Marie Kanjanasoon; RAFAEL GONZALEZ,**

**Defendants-Appellants.**

---

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-95-259-1)

---

September 15, 1997

Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On October 20, 1995, Sarah Tess Uy ("Uy"), a/k/a Sarah Montbello, a/k/a Virginia Gonzaga, a/k/a Corrinna Marie Kanjanasoon, was indicted for being the organizer and mastermind of a scheme and artifice to defraud insurance companies by the filing of false and fraudulent insurance claims, based primarily upon

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

staged and false automobile accidents and false doctors' reports. Rafael Gonzalez, a physical therapist who worked at Prime Care Rehab and Therapy Clinic in Houston, Texas, was also indicted as being involved in the fraud.

In an eleven-count indictment, Uy and Gonzalez were both charged with one count of conspiracy in violation of 18 U.S.C. § 371 (count one), and five counts of mail fraud in violation of 18 U.S.C. § 1341 (counts two through six). Uy was additionally charged with five counts of money laundering in violation of 18 U.S.C. § 1956(1)(B) (counts seven through eleven).[1]

Gonzalez was arraigned on October 24, 1995 and entered a plea of not guilty. Uy was arraigned on November 3, 1995 and also entered a plea of not guilty.

On April 8, 1996, the case proceeded to a jury trial. On April 17, 1996, the district court denied Uy's motion for judgment of acquittal, but granted Gonzalez's motion for acquittal on the charges alleged in counts three through six.

On April 18, 1996, the jury found Uy guilty on all counts charged in the indictment, and Gonzalez guilty on counts one, two, four, and five. Uy was remanded into the custody of the Bureau of Prisons to serve concurrent 108-month terms of confinement on counts seven through eleven and concurrent sixty-month terms of

---

[1]Kapp Tiango, the office manager of Prime Care Rehab and Therapy Center, was also named in all 11 counts of the indictment. Tiango is not a party to the instant appeal.

confinement on counts one through six. The terms of confinement are to be followed by concurrent three-year and five-year terms of supervised release. Uy was ordered to pay $400,000 in restitution and $550 in mandatory special assessments.

Gonzalez was ordered to serve concurrent twenty-seven-month terms of confinement to be followed by concurrent two-year terms of supervised release. Gonzalez was ordered to pay mandatory assessments totaling $200.

On appeal, Uy and Gonzalez each argue that the evidence introduced at trial was insufficient to support their respective convictions. Additionally, Uy asserts the following arguments: (1) the district court abused its discretion by failing to submit to the jury her requested instructions on the defense of "good faith" and "multiple conspiracies"; (2) the district court erred by failing to suppress evidence obtained during a search of Uy's house; (3) her counsel rendered her ineffective assistance at trial; and (4) the district court clearly erred in determining her sentence under the United States Sentencing Guidelines. As to this last issue, Uy specifically argues that the district court erred in calculating the amount of loss; adjusting her offense level because the offense affected a financial institution; determining the amount of restitution; and, imposing consecutive sentences.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. As to

3

both **Sarah Tess Uy,** a/k/a Sarah Montbello, a/k/a Virginia Gonzaga, a/k/a Corrinna Marie Kanjanasoon, and **Rafael Gonzalez**, we are satisfied that the judgment of the district court should, in all things, be **AFFIRMED.**